### Ezra Purple *versus* Erastus Clark *et al.*

The defendant in a personal action, entered in the Court of Common Pleas, moved that the action be dismissed for want of a legal indorsement of the writ, which motion the plaintiff resisted, but the action was dismissed and the plaintiff thereupon appealed, the damages demanded being more than 100 dollars. It was *held*, that no issue had been joined, within the meaning of *St.* 1820, *c.* 79, § 4, and so the appeal could not be sustained. *Held* also, that the plaintiff might have filed exceptions.

The issue intended by the statute is one in technical form, or at least a coming together by the parties in their pleadings, to a point to be tried by the jury as a matter of fact, or by the court as a matter of law.

ASSUMPSIT. The writ was indorsed as follows : — " B. Brainard, attorney for E. Purple." The *ad damnum* was laid at 1500 dollars. The action was entered in the Court of Common Pleas for the county of Franklin at April term 1826, and thence continued, with a saving of all advantages to the defendants, to the August term. At that term the defendants moved that the action might be dismissed for want of an indorser. The plaintiff then filed a motion, stating that the action ought not to be dismissed, for that the writ was legally indorsed, but asking leave to have an additional indorsement made. This motion was overruled, and the action was dismissed. The plaintiff appealed to this Court, to be held for the county of Franklin in September 1826. On the first day of that term, the defendants moved that the appeal be dismissed; which motion was overruled. The defendants then moved that the action be dismissed for want of an indorser of the writ. This motion likewise was overruled. The defendants excepted to these decisions, and the questions thereupon were reserved for the opinion of the whole Court.

The cause was argued in writing by *Mills, Ashmun*, and *Wells*, for the defendants, and *Bates* and *Dewey*, for the plaintiff. On the question whether the appeal could be sustained, the counsel for the defendants cited *Reed* v. *Reed*, 9 Mass. R. 372 ; and the counsel for the plaintiff cited *St.* 1782, *c.* 11, § 2 ; 1811, *c.* 33, § 4 ; 1813, *c.* 174 ; 1817, *c.* 185, § 1, 5, 6 ; 1820, *c.* 79, § 4, 5, 6 ; 1783, *c.* 42, § 6 ; *Wood* v. *Ross*, 11 Mass R. 275 ; *Bemis* v. *Faxon*, 2 Mass. R. 141 ; *Lamphear* v. *Lamprey*, 4 Mass R. 107 ; *Savage*

*v. Gulliver*, ibid. 178 ; *Tappan* v. *Bruen*, 5 Mass. R. 193 ; *Champion* v. *Brooks*, 9 Mass. R. 228.

Purple
*v.*
Clark.

Sept 25th

PARKER C. J. delivered the opinion of the Court. It has become unnecessary to express any opinion upon the order of the Court of Common Pleas dismissing this action on account of the alleged defect in the indorsement of the writ, since we are all of opinion that this Court has no jurisdiction of the case in the form in which it is presented to us, which is by appeal. Considering the probable loss which the plaintiff will sustain by reason of the order of the Court of Common Pleas, we have been very desirous to find some reasonable construction of the statute, by which we might feel authorized to sustain the appeal, but have not been able, without violence to its terms, to succeed in this attempt.

The question must be decided on the statute of 1820, c. 79·; for it was intended by that statute to establish and limit the jurisdiction of the Court of Common Pleas, and to regulate the appeals from that Court to the Supreme Judicial Court. Other preceding statutes affecting the same subject have been properly examined by counsel in their arguments, with a view to ascertain the intent of the legislature in this, but after all the true question is, what is the intent of the legislature in regard to appeals, as expressed in the fourth section of the statute of 1820 ; the words of which are, " that any party aggrieved at the judgment of the Court of Common Pleas in *any real action*, or in any personal action wherein any issue has been joined, in which the debt or damages demanded shall exceed the sum of one hundred dollars, may appeal therefrom," &c.[1]

The case before us is a personal action, and the debt or damages exceed one hundred dollars, so that if an issue had been joined, it would come perfectly within the description of cases entitled to an appeal.

The counsel for the plaintiff has endeavoured to maintain hat an issue was joined, within a liberal construction of the terms of the statute, because there was a motion to the court by the defendant, which was resisted by the plaintiff, and the

---

[1] See Revised Stat. c. 82, § 6.

court decided between the parties on this contested ground. But we think that by the words used the legislature intended an issue in technical form, or at least that coming together by the parties in their pleadings, to a point to be tried by the jury as a matter of fact, or by the court as a matter of law. If the defendant had pleaded in abatement the matter which was the subject of his motion, and the plaintiff had demurred, or had replied, so that issue had been joined to either forum, then the case provided for by statute would have occurred ; and perhaps it would be best to put the defendant to his plea, in order that the right of appeal may be preserved, in those cases which in other respects would be entitled to that mode of relief.

The provision made in the 5th section of the statute, for correcting errors which may happen in the opinion of the Court of Common Pleas in any matter of law, undoubtedly applies to the present case. " It shall be lawful for either party &c. aggrieved by any opinion, direction, or judgment of said Court of Common Pleas, in any matter of law, to allege exceptions to the same," &c.[1] This was intended to cover all cases which should be determined by that court, in which for any cause there was no right of appeal, or where the party alleging the exceptions might choose to waive his right of appeal and rest his case solely on the matter of law decided against him.[2] A motion to dismiss an action for any defect in the process, of record, is a matter of law, and the decision of the court thereon is an opinion or judgment which may be excepted to within the meaning and words of the statute ; so that by the 4th and 5th sections of the statute there is full provision for every case to be carried to the Supreme Judicial Court, either by appeal or by exceptions, according as the process shall be conducted in the Court of Common Pleas. There is no doubt that under the original statute of 1782, *c. 11,* establishing courts of common pleas, an appeal would lie in such a case as the one before us. But we cannot consider that statute in force in regard to the provision for appeals,

---

[1] See Revised Stat. *c.* 82, § 12.

[2] See *Rathbone* v. *Rathbone,* 4 Pick. (2d ed.) 93, n. 2; *Piper* v. *Willard* 10 Pick. 34.

any more than for the organization and arrangement of the court itself ; for the whole subject matter is legislated upon by the statute of 1820, and so by implication this last repeals the statute of 1782.[1] It is true that by the statute of 1811, c. 33, which was the first innovation upon the system of appeal as established by the statute of 1782, the right of appealing was restricted to cases wherein issue had been joined, and there was no provision for exceptions in matters of law ; and for this reason possibly it might have been determined, had the question arisen, that an appeal in a case like the present might be sustained, as it was determined in relation to a case *de homine replegiando*. See *Wood* v. *Ross*, cited in the argument. But such a conclusion could have been adopted only because the statute of 1811 had not covered the whole ground of the statute of 1782, in relation to the appellate jurisdiction of this Court. That reasoning however will not support a like conclusion in the case before us, because the statute of 1820 makes ample and complete provision for a revision by this Court of all decisions of the Court of Common Pleas, either by appeal, as in the 4th section, or by exceptions, as in the 5th ; so that we cannot but conclude that this latter statute does necessarily and by clear implication repeal all precedent statutes, in so far as they regard the same subject matter.

The result of the whole is, that this appeal cannot be sustained here and must be dismissed.

---

[1] See *Nichols* v. *Squire, ante,* 169.